**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**DOUGLAS E. MELTER,**           )
                                 )
**v.**                           )     **No. 1:13-cr-00012-001**
                                 )
**UNITED STATES OF AMERICA,**    )     **Judge Maurice B. Cohill, Jr.**
                                 )

## OPINION and ORDER

Presently before the Court is Petitioner Douglas E. Melter's Petition for Discovery. Mr. Melter filed this petition in part to support a Motion to Vacate, Set Aside, or Modify Sentence under 28 U.S.C. § 2255, which Petitioner is "in the process of preparing to file" [ECF No. 43 p. 5 para. 1]. Because a § 2255 motion has not yet been filed with the Court on Mr. Melter's behalf we will deny the Petition for Discovery.

"In appropriate circumstances, a district court, confronted by a petition for habeas corpus which establishes a prima facie case for relief, may use or authorize the use of suitable discovery." Harris v. Nelson, 394 U.S. 286, 290 (1969). Rule 6(a) governing proceedings under Section 2255, provides that a "judge may, for good cause, authorize...discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rules Governing Section 2255 Proceedings, R. 6(a). Not only must a petition be filed before a court considers a discovery request, the petitioner must show good cause entitling him to discovery "by setting forth specific allegations which, if fully developed, would entitle him or her to the writ." Lee v. Glunt, 667 F.3d 397, 404 (3d Cir. 2012); Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987) ("Unless the petition itself passes scrutiny, there would be no basis to require the state to respond to discovery requests.") Implicit in the above rules and case law is the requirement that a § 2255 Petition be filed before a Court may consider a discovery request.

Calderon v. United States Dist. Ct. for the Northern District of California, 98 F.3d 1102, 1106 (9th Cir. 1996) (holding that no discovery under Rule 6 is warranted until a habeas corpus petition has been filed); United States v. Williams, 2002 U.S. Dist. LEXIS 23600, 4-6 (E.D. Pa. 2002), aff'd 2003 U.S. App. LEXIS 18585 (3d Cir. 2003).

As noted, Rule 6 refers to the processes of discovery available under the Federal Rules of Civil Procedure, which similarly does not permit pre-complaint discovery except in circumstances when a party can show the need to perpetuate testimony that may not be available later. See Rules Governing Section 2255 Proceedings, R. 6(a); Calderon, 98 F.3d at 1106; Fed. R. Civ. P. 27. That exception being inapplicable here, Mr. Melter cannot obtain the discovery he seeks unless and until a habeas corpus petition showing good cause for discovery has been filed on his behalf.

Accordingly, the following order is entered.

AND NOW, to-wit, this _14_ day of July 2015 for the reasons stated above, it is hereby ORDERED, ADJUDGED and DECREED that Petitioner's Petition for Discovery [ECF No. 43] is hereby DENIED.

Maurice B. Cohill, Jr.
Senior United States District Court Judge

cc:   Douglas Melter, *pro se*
      Reg. No. 33946-068
      FCI HERLONG
      P.O. BOX 800
      HERLONG, CA 96113

      Christian A. Trabold, AUSA (*via ECF*)

2